# Exhibit B

**Pleadings and Answers**

8/21/2019 8:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36173228
By: C Ougrah
Filed: 8/21/2019 8:13 PM

*2019-58472 / Court: 190*

CAUSE NO. _____

| | | |
|---|---|---|
| **Maria Elena Escamilla,** § | | IN THE DISTRICT COURT OF |
| *Plaintiff* § | | |
| v. § | | |
| § | | HARRIS COUNTY, TEXAS |
| **MIC General Insurance Corporation** § | | |
| *Defendant* § | | |
| § | | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, REQUEST FOR PRODUCTION, INTERROGATORIES, REQUEST FOR ADMISSIONS AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Maria Elena Escamilla ("Plaintiff") and files this Original Petition against MIC General Insurance Corporation ("Defendant") and, in support thereof, would respectfully show the Court the following:

## I.
### DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1. Plaintiff intends to conduct discovery under Level 2. Tex. R. Civ. P. 190.3.

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Tex. R. Civ. P. 47(c)(4).

## II.
### CONDITIONS PRECEDENT

1

3. Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed or have occurred.

## III.
### PARTIES, JURISDICTION AND VENUE

#### A.   PARTIES.

4. Plaintiff Maria Elena Escamilla is a Texas resident(s), who resides at 12118 Wessex Dr, Harris County, Houston, Texas 77089.

5. Defendant MIC General Insurance Corporation is an insurance company doing business in the State of Texas, which may be served through Corporation Service Company at 211 E 7th St. Suite 620 Austin, TX 78701-3218.  As it relates to the event giving rise to this Petition, Plaintiff invokes the right to institute this suit against any entity that was conducting business using the assumed or common name of MIC General Insurance Corporation.  Pursuant to Tex. R. Civ. P. 28, Plaintiff moves the Court to order Defendant to substitute its true name if different from the name stated herein.

#### B.   JURISDICTION.

6. The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7. The Court has both general and specific personal jurisdiction over Defendant. The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws.  Defendant's contacks with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into

contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas. This activity was not the unilateral activity of another party or a third person.

8. Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities. The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

9. The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas. As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Harris County, Texas. Defendant has sufficient and/or minimum contacts with this State, and thus Plaintiff affirmatively assert the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

### C. Venue.

10. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(l). The property subject to this dispute and which is owned by Plaintiff is located in

3

Harris County. The insurance policy insuring the property was executed in Harris County. The damage to the property resulted from an event or occurrence in Harris County. The resulting insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant occurred in Harris County.

## IV.
### FACTUAL BACKGROUND

11. Maria Elena Escamilla is a named insured under a property insurance policy issued by MIC General Insurance Corporation. The policy number is ***0573.

12. On August 28, 2017, Hurricane Harvey hit the Texas coast, which included Harris County. This resulted in roof and interior damage to Plaintiff's home. Specifically, the storm lifted and tore multiple shingles, some of which came completely off. As a result, water entered into house and stained the ceiling. Thereafter, Plaintiff filed a claim on her insurance policy.

13. Plaintiff asserts that Defendant improperly denied and/or underpaid the claim.

14. Plaintiff asserts that Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

15. Defendant performed an outcome-oriented investigation of Plaintiff's claim. Defendant's (improper) claims handling included Defendant's biased claims adjustment, and an unfair and inequitable evaluation of Plaintiff's losses on the property. In addition, Defendant's claims handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V.
### CAUSES OF ACTION AND ATTORNEY'S FEES

4

16. Plaintiff incorporates the foregoing for all purposes.

### A. BREACH OF CONTRACT

17. Plaintiff and Defendant entered into an insurance contract. Defendant breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance claim, wrongfully denying and/or underpaying the claim. Defendant damaged Plaintiff through its actions and/or inactions described herein.

### B. PROMPT PAYMENT OF CLAIMS STATUTE

18. Defendant's failure to pay for Plaintiff's losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.001 *et seq.* of the Texas Insurance Code, including without limitation §§ 542.055-.058.

19. In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to penalties, interest and attorney's fees as set forth in Section 542.060 of the Texas Insurance Code.

### C. BAD FAITH

20. Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

21. Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation, making statements misrepresenting the terms and/or benefits of the policy.

22. Defendant also violated Section 541.060 by, without limitation:

    a. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    b.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    c.    Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

    d.    Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

    e.    Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

23.    Defendant violated Section 541.061 by, without limitation:

    a.    Making an untrue statement of material fact;

    b.    Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    c.    Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    d.    Making a material misstatement of law; and/or

    e.    Failing to disclose a matter required by law to be disclosed.

24.    Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

### D. Additional Claims & Damages.

25. Plaintiff also seeks to recover damages and/or actual damages "caused by" Defendant's Insurance Code violations. This includes, without limitation, damages resulting from Defendant's delay in payment, resulting from Defendant's unreasonable investigation. This includes, without limitation, costs for temporary repairs, additional property damage to Plaintiff's home during the pendency of the claims process and this litigation, costs associated with appraisal costs or sums related to pre-appraisal damage assessments.

26. Plaintiff also seeks damages to compensate Plaintiff for the tangible and intangible consequences, suffering, stress and mental anguish of having to live with an unrepaired home for months.

### E. ATTORNEY'S FEES

27. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

28. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

29. Plaintiff further prays that she be awarded all reasonable attorney's fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## DISCOVERY REQUESTS

7

30. Pursuant to Tex. R. Civ. P. 194, 195, 196, 197 & 198, and in accordance with the instructions stated therein, Plaintiff requests that Defendant respond to the attached Request for Disclosures, Request for Production, Interrogatories, and Request for Admissions within fifty (50) days of its receipt of the same. See Exhibit A, attached hereto.

## VII.
### Tex. R. Civ. P. 193.7 Notice.

31. Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## VIII.
### Jury Demand

32. Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## IX.
### Prayer

33. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant for actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorney's fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE BUZBEE LAW FIRM

By: /s/ *Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
Christopher J. Leavitt
State Bar No. 24053318
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 223-5909
tbuzbee@txattorneys.com
cleavitt@txattorneys.com
www.txattorneys.com

AND

LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, TX 77011
Phone: (713) 277-7838
Fax: (281) 377-3924

By:/s/ *Stephen R. Walker*
Stephen R. Walker
Texas Bar No. 24034729
Email: swalker@manuelsolis.com
Gregory J. Finney
Texas Bar No. 24044430
Email: gfinney@manuelsolis.com
Juan A. Solis
Texas Bar No. 24103040
Email: jusolis@manuelsolis.com

ATTORNEYS FOR PLAINTIFF

9

CAUSE NO. 2019-58472

| | | |
|---|---|---|
| MARIA ELENA ESCAMILLA | § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| MIC GENERAL INSURANCE CORP. | § § | |
| Defendant | § § | 190TH JUDICIAL DISTRICT |

**<u>DEFENDANT MIC GENERAL INSURANCE CORPORATION'S ORIGINAL ANSWER</u>**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, MIC General Insurance Corporation ("Defendant"), defendant in the above-styled and numbered cause, and files this original answer and respectfully shows the Court as follows.

## I. GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies the material allegations in Plaintiff's most recent petition.

## II. VERIFIED PLEAS

Pursuant to Texas Rule of Civil Procedure 93, Defendant submits that Plaintiff is not entitled to recover in the capacity in which she sues, that Defendant is not liable in the capacity in which it is sued, that there is a defect of parties plaintiff or defendant, and that notice and proof of loss or claim for damage has not been given as alleged.

## III. AFFIRMATIVE DEFENSES

Pursuant to Texas Rule of Civil Procedure 94, Defendant sets forth the following affirmative defenses: accord and satisfaction, estoppel, lack of capacity, lack of privity, lack of standing, lack of subject matter jurisdiction, payment, statute of limitations and waiver.

IV. ADDITIONAL FACTS AND ISSUES

The insurance policy referenced in Plaintiff's petition provides no coverage and no benefits of any kind to Plaintiff. To briefly summarize the factual context of this lawsuit, Plaintiff borrowed money to buy a house. The loan documents required Plaintiff to obtain insurance to protect against certain risks to the interest of the lender that loaned Plaintiff the money to buy the house. Despite Plaintiff's contractual obligation to obtain insurance, she refused to do so.

Therefore, Plaintiff's lender (or its loan servicing company) was forced to obtain an insurance policy in order to protect its interest in the property. Plaintiff is not a named insured on this policy, nor is she an additional insured under this policy, nor does she qualify as a third party beneficiary of this policy. This policy does not, and was not intended to, insure or otherwise protect any alleged interest of Plaintiff. On the contrary, this policy does, and was intended to, insure and otherwise protect only the interest of Plaintiff's lender. Defendant does not have any duties or obligations to Plaintiff pursuant to the policy, and therefore does not have contractual liability, extra-contractual liability, liability based on the common law duty of good faith and fair dealing or any other liability to Plaintiff.

Plaintiff had every opportunity to obtain insurance coverage that would have protected her interest in the house (and her interest in her personal property) -- in fact, again, she was contractually obligated to do so. For unknown reasons, Plaintiff made a decision not to obtain insurance coverage. Accordingly, Plaintiff has no standing to bring this lawsuit, has no rights under the applicable policy, and is not entitled to benefits pursuant to this policy. Defendant specifically denies that this Court has subject matter jurisdiction over the claims and causes of action that Plaintiff asserts in this lawsuit.

Plaintiff has no contract of any kind with Defendant. Plaintiff has no "special relationship" with Defendant. Plaintiff is a mere third party claimant with no standing to seek relief under the Texas Insurance Code. Plaintiff is not a "consumer" as that term is defined in the Texas Deceptive Trade Practices Act. Defendant did not engage in any false, misleading or deceptive act or practice, and did not engage in any unconscionable action or course of action. No act or omission of Defendant was a proximate, producing or other cause of damage to Plaintiff. Although Defendant owed no duty of any kind to Plaintiff, it acted reasonably and in good faith with respect to the insurance claim at issue in this lawsuit, and complied with any potentially applicable contractual, statutory and common law duties and obligations that might have been owed to persons or entities other than Plaintiff.

Defendant asserts that Plaintiff bears the burden (1) to prove that her damages are covered by the applicable insurance policy, and (2) to segregate the damages allegedly attributable solely to a covered peril from the damages wholly or partially attributable to a non-covered peril, as required by the doctrine of concurrent causation. Plaintiff is entitled to recover only damages that were caused solely by a covered peril.

Defendant asserts that a bona fide controversy existed, and continues to exist, as to (1) whether Plaintiff is entitled to additional insurance benefits over and above what has already been paid to Plaintiff and/or Plaintiff's mortgage lender and, in fact, (2) whether Plaintiff is or was entitled to any benefits at all under the applicable insurance policy. Any payment, partial payment and/or denial of insurance benefits was reasonable and was made in full compliance with the applicable policy. Defendant is not liable for allegedly acting in "bad faith" just because Plaintiff and/or others may value an insurance claim differently than Defendant and/or others did.

Defendant asserts that all or part of Plaintiff's alleged damages resulted from normal wear and tear and/or constitute conditions pre-existing the alleged loss.

Defendant asserts that Plaintiff's recovery, if any, is limited by the one satisfaction rule.

Defendant asserts that Plaintiff's contractual damages, if any, cannot exceed the policy limits of the applicable insurance policy.

Defendant asserts that, even if Plaintiff recovers damages as a result of this lawsuit, her recovery must be offset against, and Defendant should receive a credit for, any amount of money and/or other benefit or consideration that Plaintiff or her mortgage lender has already received, or may receive in the future, from Defendant, or from any other person or entity, in payment of Plaintiff's claims.  Additionally, Plaintiff's recovery must be offset against, and Defendant should receive a credit for, the amount of money and/or other benefit or consideration that Defendant or others have paid to Plaintiff, or to persons or entities other than Plaintiff, pursuant to the terms of the applicable policy.

Defendant asserts its potential right and entitlement to all of the benefits and protections afforded by Chapter 33 of the Texas Civil Practice and Remedies Code.  For example, Defendant is entitled to an appropriate credit and/or offset for (1) any damages or losses attributable to the conduct, products and breaches of others and (2) any amounts paid in settlement by or on behalf of others.

Defendant denies that Plaintiff (or her lender) has sustained any covered damages that haven't already been paid; however, to the extent that Plaintiff can somehow prove damages, Defendant asserts that (1) the occurrence in question, and any alleged damages, were caused by new, independent, superseding and/or intervening causes and/or by the acts and/or omissions of third parties (including but not limited to Plaintiff) for whom Defendant is not legally or otherwise responsible and (2) the sole proximate cause of the occurrence in question, and any

alleged damages, was the negligence or legal responsibility of third parties (including but not limited to Plaintiff) for whom Defendant is not legally or otherwise responsible.

Defendant asserts that Plaintiff's claim for exemplary damages violates the due process clause of the Fifth and Fourteenth amendments to the Constitution of the United States, the equal protection rights guaranteed to Defendant under the Fifth, Eighth and Fourteenth amendments to the Constitution of the United States, and Article I, §§ 3, 13 and 19 of the Constitution of the State of Texas.

Defendant asserts that any award of exemplary damages must be limited by Chapter 41 of the Texas Civil Practice and Remedies Code. Defendant asserts its right and entitlement to all of the benefits and protections afforded by Chapter 41 of the Civil Practice and Remedies Code.

Plaintiff failed to provide pre-litigation demand letters that comply with the Texas Insurance Code, the Texas Deceptive Trade Practices Act and/or §38.001 of the Texas Civil Practice and Remedies Code. Accordingly, Plaintiff is not entitled to recover attorneys' fees or expenses.

## V. PAYMENT

Pursuant to Texas Rule of Civil Procedure 95, Defendant plainly and particularly describes the following payments relating to Plaintiff's alleged loss: payment of $6585.12 made to Plaintiff and/or her mortgage lender for windstorm damages allegedly relating to Hurricane Harvey.

## VI. RIGHT TO AMEND

Defendant explicitly reserves its right to amend this answer pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules.

## VII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court enter a take nothing judgment against Plaintiff, and also respectfully requests any other relief to which it may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.

/s/ Joseph R. Little
Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney in Charge for Defendant MIC General Insurance Corporation

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served upon all parties in accordance with the Texas Rules of Civil Procedure on this the 18th day of November, 2019.

/s/ Joseph R. Little
Joseph R. Little

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF HARRIS §

On this day, Joseph R. Little, having been duly authorized to sign this verification on behalf of MIC General Insurance Corporation, the defendant in the above-styled case, appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said that he read the foregoing answer, and that the statements made in Section II (regarding defensive issues raised pursuant to Texas Rule of Civil Procedure 93) are within his personal knowledge and are true and correct.

_____
Authorized Representative of Defendant MIC General Insurance Corporation

SWORN TO and SUBSCRIBED before me on the 18th day of November, 2019.

_____
Notary Public In and For the State of Texas

DOZY CRYER
Notary Public, State of Texas
Comm. Expires 02-26-2022
Notary ID 794180

- 7 -